# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Civil Division

| | |
|---|---|
| MANUELA BACCI     * <br> 11215 Georgia Avenue     * <br> Silver Spring, Maryland 20902     * <br>     * <br>     Plaintiff     * <br>     * <br> and     * <br>     * <br> FLORIDA REPONTE     * <br> 106 Nutmeg Avenue     * <br> Atwater, California 95301     * <br>     * <br> and     * <br>     * <br> SARAH REPONTE SULLIVAN     * <br> 512 Vonda Drive     * <br> Sulphur Springs, Texas 75482     * <br>     * <br> and     * <br>     * <br> ELIZABETH REPONTE ALBRECHT     * <br> 7804 High Oaks Circle     * <br> Dallas, Texas 75231     * <br>     * <br>     Use Plaintiffs     * <br>     * <br> v.     * <br>     * <br> UNITED STATES OF AMERICA     * <br>     * <br> SERVE ON:     * <br>       Office of the U.S. Attorney     * <br>       36th Charles Street, 4th Floor     * <br>       Baltimore, Maryland 21201     * <br>     * <br>     Defendant     * <br>     * | Civil Action No. _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND ELECTION FOR JURY TRIAL

Now comes the Plaintiff, Manuela Bacci, individually as surviving spouse of Edward Reponte, deceased, and to the Use of Florida Reponte, surviving mother of Edward Reponte, Sarah Reponte Sullivan, and Elizabeth Reponte Albrecht, surviving daughters of Edward Reponte, by and through her attorneys, George S. Tolley III and Dugan, Babij, Tolley & Kohler, LLC, and sues the Defendant, The United States of America.

## PROCEDURAL HISTORY

1. This matter was filed with the Health Care Alternative Dispute Resolution Office of Maryland, on or about August 18, 2020. A copy of the Statement of Claim is attached hereto as Exhibit 1 and prayed to be taken as part hereof.

2. The Plaintiff, Manuela Bacci, has secured the support of a qualified expert, as required by the Maryland Health Care Malpractice Claims Act, Md. Cts. & Jud. Procs. Code Ann. §§ 3-2A-01 *et seq*. Due at least in part to the currently existing catastrophic global health emergency, a signed Certificate of Qualified Expert could not be secured and filed in the Health Care Alternative Dispute Resolution Office of Maryland, on or before August 18, 2020.

3. In accordance with the procedures outlined and approved by the United States Court of Appeals for the Fourth Circuit in Raplee v. United States, 842 F.3d 328, 335 (4th Cir. 2016), the Plaintiff, Manuela Bacci, respectfully requests that this Honorable Court grant her leave to supplement and amend this Complaint with a late-filed Certificate of Qualified Expert, a late-filed Election to Waive Arbitration, and a late-filed Order of Transfer issued by the Health Care Alternative Dispute Resolution Office,

transferring this case to the United States District Court for the District of Maryland. As the Fourth Circuit in <u>Raplee</u> observed:

> [I]n a typical case, allowing plaintiffs to file their federal complaints under the FTCA before completing state law requirements would seem to promote both the objectives of [28 U.S.C. § 2401(b)] and the FTCA's overall purpose of affording private citizens relief for injuries they suffer as a result of the federal government tortfeasors.
>
> This is particularly true given that the FTCA's limitations period is not a jurisdictional rule but a claims processing one. Like other claims-processing rules, § 2401(b) seeks to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times. ***Plaintiffs cannot avoid this rule absent extraordinary circumstances***. However, Congress did not design § 2401(b) as a gauntlet for plaintiffs to run. ***The statute does not require a plaintiff to complete all state law requirements before filing a complaint with the district court. Rather, a plaintiff fully satisfies the claims-processing objective by filing a complaint with the federal district court within the limitations period while simultaneously working to satisfy state law requirements***.

<u>Raplee</u>, 842 F.3d at 335 (internal quotations and citations omitted, and emphasis added).

4.   It is respectfully submitted that the currently existing catastrophic global health emergency qualifies as "extraordinary circumstances." In accordance with the procedure outlined and approved by the Fourth Circuit, therefore, the Plaintiff has timely filed her Complaint in this Honorable Court "while simultaneously working to satisfy state law requirements." <u>Id.</u>

5.   The Plaintiff and Use Plaintiffs relate back to, repeat, re-allege, adopt and incorporate by reference the Statement of Claim filed with the Health Care Alternative Dispute Resolution Office on or about August 18, 2020.

**PARTIES**

6. The Plaintiff, Manuela Bacci, is an adult citizen of the State of Maryland residing at 11215 Georgia Avenue, Silver Spring, Maryland 20902. Manuela Bacci is the surviving spouse of Edward Repointe, deceased.

7. The Use Plaintiff, Florida Reponte, is an adult citizen of the State of California with a last known address of 106 Nutmeg Avenue, Atwater, California 95301. Florida Reponte is the surviving mother of Edward Reponte, deceased.

8. The Use Plaintiff, Sarah Reponte Sullivan, is an adult citizen of the State of Texas with a last known address of 512 Vonda Drive, Sulphur Springs, Texas 75482. Sarah Reponte Sullivan is a surviving daughter of Edward Reponte, deceased.

9. The Use Plaintiff, Elizabeth Reponte Albrecht, is an adult citizen of the State of Texas with a last known address of 7804 High Oaks Circle, Dallas, Texas 75231. Elizabeth Reponte Albrecht is a surviving daughter of Edward Reponte, deceased.

10. The Defendant, the United States of America, is a federal governmental entity amenable to suit in this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672-80.

11. This action is timely brought and joins and includes all persons entitled to recover under the Wrongful Death Subtitle, Md. Cts. & Jud. Procs. Code Ann. §§ 3-901 through 3-904, for the wrongful death of Edward Repointe, deceased, who died from complications of metastatic prostate cancer on January 19, 2018.

## JURISDICTION AND VENUE

12. Subject matter jurisdiction exists over this action against the Defendant/ Health Care Provider, United States of America, pursuant to 28 U.S.C. § 1346(b), and venue is appropriate in the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1391(b), as the place wherein a substantial part of the events or omissions giving rise to the claim occurred.

13. The Plaintiff has exhausted administrative remedies, as required by 28 U.S.C. § 2675, in that these claims were instituted with the United States Department of Navy on or before February 1, 2019, and that agency issued a final denial of those claims by a correspondence dated February 18, 2020, and postmarked February 19, 2020.

## COUNT I
### (Negligence and Wrongful Death)

The Plaintiff, Manuela Bacci, individually as surviving spouse of Edward Reponte, deceased, and to the Use of Florida Reponte, surviving mother of Edward Reponte, Sarah Reponte Sullivan, and Elizabeth Reponte Albrecht, surviving daughters of Edward Reponte, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 13 of this Statement of Claim as though fully set forth herein.

14. This action is timely brought and joins and includes all persons entitled to recover under the Wrongful Death Subtitle, Md. Cts. & Jud. Procs. Code Ann. §§ 3-901 et seq., for the wrongful death of Edward Repointe. Manuela Bacci is the surviving spouse of Edward Reponte, deceased; Florida Reponte is the surviving mother of Edward Reponte; and Sarah Reponte Sullivan and Elizabeth Reponte Albrecht are the surviving daughters of Edward Reponte. As such, the Plaintiff and Use Plaintiffs are authorized and

empowered to bring this action in accordance with Md. Cts. & Jud. Procs. Code Ann. §§ 3-901 *et seq*.

15. At all times of which the Plaintiff complains, the Defendant, the United States of America, acting through its real, apparent and/or ostensible agents, servants and/or employees, including but not necessarily limited to William Skinner, M.D., Alexander Gutweiler, M.D., and Jennifer Macalanda, M.D., was licensed and authorized to practice medicine in the State of Maryland and represented to the public, the Plaintiff, the Use Plaintiffs, and the Plaintiffs' decedent possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent physician providing urology services.

16. At all times of which the Plaintiff and Use Plaintiffs complain, William Skinner, M.D., Alexander Gutweiler, M.D., and Jennifer Macalanda, M.D., were acting as the real, apparent and/or ostensible agents, servants and/or employees of the Defendant, the United States of America, within the scope of their agency and/or employment.

17. The Defendant, the United States of America, acting through its real, apparent and/or ostensible agents, servants and/or employees, including but not necessarily limited to William Skinner, M.D., Alexander Gutweiler, M.D., and Jennifer Macalanda, M.D., owed to the Plaintiff, the Use Plaintiffs, and the Plaintiffs' decedent the duty to exercise that degree of care, skill and judgment ordinarily expected of reasonably competent health care providers in their chosen specialty acting in the same or similar circumstances.  That duty included the performance of adequate and appropriate tests and procedures to determine the nature and severity of any medical conditions

suffered by the Plaintiffs' decedent; the prompt employment of appropriate procedures and treatments to correct such a condition(s); the continuous evaluation of the effects of such treatment(s); the adjustment of the course of such treatment(s) in response to such evaluation(s); and the duty of appropriate notification to the Plaintiff s' decedent of the various alternatives and risks involved in various modalities of treatment.

18.  In 2012, the Plaintiffs' decedent, Edward Reponte, came under the care of the Defendant, the United States of America, acting through its real, apparent and/or ostensible agents, servants and/or employees, for diagnosis and treatment of prostate cancer at the Walter Reed National Military Medical Center (hereinafter "WRNMMC") in Bethesda, Maryland.

19.  From 2012 through 2013, the PSA levels of the Plaintiffs' decedent, Edward Repointe, were elevated, increasing his risk for prostate cancer from low to intermediate.

20.  The Defendant, the United States of America, acting through its real, apparent and/or ostensible agents, servants and/or employees, failed to order additional testing of the Plaintiffs' decedent, Edward Repointe despite his elevated PSA levels. For example, the Defendant, the United States of America, acting through its real, apparent and/or ostensible agents, servants and/or employees, failed to order a bone scan for the purpose of determining whether his cancer had spread to areas outside of the prostate.

21.  Despite the continual worsening of symptoms of the Plaintiffs' decedent, Edward Repointe, the Defendant, the United States of America, acting through its real, apparent and/or ostensible agents, servants and/or employees, failed to order or perform any additional testing until fall of 2014, at which time such additional testing confirmed

that the prostate cancer of the Plaintiffs' decedent, Edward Repointe, had been allowed to spread and metastasize to his bones.

22. The Plaintiff alleges that, as a result of the inappropriate medical care, treatment and management by the Defendant, the United States of America, acting through its real, apparent and/or ostensible agents, servants and/or employees, the Plaintiffs' decedent, Edward Repointe, died on January 19, 2018.

23. The Plaintiff further alleges that the injuries, damages and death of the Plaintiffs' decedent, Edward Repointe, deceased, were due to the negligent and careless acts and omissions of the Defendant, the United States of America, acting through its real, apparent and/or ostensible agents, servants and/or employees, including but not necessarily limited to William Skinner, M.D., Alexander Gutweiler, M.D., and Jennifer Macalanda, M.D., which breached their aforementioned duties to the Plaintiffs' decedent.

24. The negligent and careless acts and omissions of the Defendant, the United States of America, acting through its real, apparent and/or ostensible agents, servants and/or employees, including but not necessarily limited to William Skinner, M.D., Alexander Gutweiler, M.D., and Jennifer Macalanda, M.D., include but are not limited to:

    A. Failing to employ adequate diagnostic procedures and tests to determine the nature and severity of the medical status and/or conditions of the Plaintiff s' decedent;

    B. Failing to exercise reasonable care in the timely and careful diagnosis of such conditions;

    C. Failing to exercise reasonable care in employing appropriate treatments and surgical procedures to correct or address such conditions;

  D. Failing to exercise reasonable care in evaluating the effects of any treatments or surgical procedures to correct or address such conditions;

  E. Failing appropriately to perform, evaluate and/or assess the status of the decedent's prostate cancer;

  F. Failing to exercise reasonable care in adjusting the chosen course of treatment or care provided to the Plaintiffs' decedent; and

  G. Being otherwise careless and negligent.

25. The Plaintiff further alleges that as a result of the negligent and careless acts and omissions of the Defendant, the United States of America, acting through its real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff and Use Plaintiffs suffered, are suffering, and will continue to suffer, loss of support, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of affection, loss of consortium, loss of attention, loss of advice, loss of counsel, and loss of guidance in the wrongful death of Edward Repointe.

26. As a further result of the negligence of the Defendant, the United States of America, through its real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff and Use Plaintiffs were compelled to incur hospital, medical, funeral and burial expenses for Edward Repointe, and was otherwise injured and damaged.

27. All of the injuries and damages complained of were caused by the negligence of the Defendant, the United States of America, acting through its real, apparent and/or ostensible agents, servants and/or employees, without any negligence by the Plaintiff, the Use Plaintiffs, and/or the Plaintiffs' decedent contributing thereto.

WHEREFORE, the Plaintiff, Manuela Bacci, Manuela Bacci, individually as surviving spouse of Edward Reponte, deceased, and to the Use of Florida Reponte,

surviving mother of Edward Reponte, Sarah Reponte Sullivan, and Elizabeth Reponte Albrecht, surviving daughters of Edward Reponte, brings this claim against the Defendant, the United States of America.

*[signature]*

GEORGE S. TOLLEY III (Bar No. 10084)
Dugan, Babij, Tolley & Kohler, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
gtolley@medicalneg.com

Attorneys for Plaintiff

## **ELECTION FOR JURY TRIAL**

The Plaintiff, Manuela Bacci, *etc.*, *et al.*, elects to try this case before a jury.

*[signature]*

GEORGE S. TOLLEY III (Bar No. 10084)
Dugan, Babij, Tolley & Kohler, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
gtolley@medicalneg.com

Attorneys for Plaintiff